UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD BROWN,<br><br>    Plaintiff,<br>  v.<br><br>NO DEFENDANT LISTED,<br><br>    Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-08991 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Ronald Brown, Plaintiff Pro Se
938 Vine Street
Camden, NJ 08105

**SIMANDLE, Chief District Judge:**

    1.    Plaintiff Ronald Brown presumably[1] seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983. Complaint, Docket Entry 1.

    2.    Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C.

---

[1] As discussed below, the complaint is lacking in substantive content.

§ 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis.*

3.  For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.  To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5.  Plaintiff presumably brings this action pursuant to 42 U.S.C. § 1983[2] for alleged violations of Plaintiff's

---

[2] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

constitutional rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

6. Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[3] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

---

injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.
[3] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

3

7. Plaintiff has not named a defendant in the complaint. The Complaint therefore must be dismissed.

8. Plaintiff may be able to amend the complaint to name a person or persons who were personally involved in the alleged unconstitutional conduct, however. To that end, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

9. Plaintiff is advised that the amended complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. The majority of the complaint is blank. Plaintiff has not stated where or when the events giving rise to his claim occurred, has not alleged that a person violated his federal rights, and has stated no injuries. Complaint §§ III, IV. In Section IV of the complaint, Plaintiff states only, "sleeping on floor. 20013 [sic], 2014, 2012." Complaint § IV. Even accepting this statement as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

10. As Plaintiff may be able to amend his complaint to address the deficiencies noted by the Court, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

11. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[4] *Id.*

12. For the reasons stated above, the claims arising from Plaintiff's 2002 confinement are barred by the statute of limitations and therefore are dismiss with prejudice. The remainder of the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

13. An appropriate order follows.

**May 4, 2017**                                            **s/ Jerome B. Simandle**
Date                                                       JEROME B. SIMANDLE
                                                            Chief U.S. District Judge

---

[4] The amended complaint shall be subject to screening prior to service.